IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADAM M. GOMEZ, JR., <br>     Plaintiff, <br><br> vs. <br><br> CAMERON COUNTY SHERIFF ERIC GARZA, CAMERON COUNTY CHIEF DEPUTY SHERIFF ROBERT GRACIA, CAMERON COUNTY, AND CATHOLIC DIOCESE OF BROWNSVILLE, <br>     Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO. _____ <br><br> Jury Demanded |

## PLAINTIFF ADAM M. GOMEZ, JR.'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Adam M. Gomez, Jr., hereinafter called Plaintiff, complaining of and about Cameron County Sheriff Eric Garza, Cameron County Chief Deputy Sheriff Robert Gracia, Cameron County, and the Catholic Diocese of Brownsville, hereinafter called Defendants, and for cause of action would respectfully show the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Adam M. Gomez, Jr., is a citizen of the United States and the State of Texas and resides in Cameron County, Texas.

2. Defendant Cameron County Sheriff Eric Garza is a citizen of the State of Texas and is sued herein in his official capacity. Said Defendant may be served with process by serving Eddie Trevino, Jr., Cameron County's agent authorized to accept service, at the Dancy Building, 1100 E. Monroe St., Brownsville, Texas 78520.

1

3.      Defendant Cameron County Chief Deputy Sheriff Robert Gracia is a citizen of the State of Texas and is sued herein in his official capacity.  Said Defendant may be served with process by serving Eddie Trevino, Jr., Cameron County's agent authorized to accept service, at the Dancy Building, 1100 E. Monroe St., Brownsville, Texas 78520.

4.      Defendant Cameron County may be served by serving Eddie Trevino, Jr., its agent authorized to accept service at the Dancy Building, 1100 E. Monroe St., Brownsville, Texas 78520.

5.      Defendant Catholic Diocese of Brownsville may be served by serving David C. Garza, its agent authorized to accept service at 680 E. St. Charles, Ste. 300, Brownsville, Texas 78520.

## JURISDICTION

6.      The action arises under 28 U.S.C. Section 1331 as hereinafter more fully appears.

7.      This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

8.      This is an action under Title 42 U.S.C. Section 2000e et. seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion.

9.      This is an action in part under the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621 et.seq., as amended by the Civil Rights Act of 1991 to

correct unlawful employment practices on the basis of age.

10. This is an action in part under Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability.

11. This is an action in part under 29 U.S.C. Section 2601 et. seq. to correct violations of the Family Medical Leave Act.

12. Furthermore, Plaintiff asserts claims through 42 U.S.C. Section 1983 et seq. for deprivation of his rights relating to freedom of religion and freedom of association under the First Amendment to the United States Constitution.

## CONDITIONS PRECEDENT

13. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

14. Plaintiff had been employed as Chaplain for the Cameron County Sheriff's Office as Chaplain for all four detention facilities since September 15, 2015. Plaintiff was a non-denominational chaplain for the Sheriff's Office serving the spiritual needs of all detainees.

15. Plaintiff was advised in writing of the termination of his employment by two letters of termination, one dated June 15, 2021 (but delivered to Plaintiff on July 23, 2021 with that effective date) and the other dated August 13, 2021. The first letter does not offer an excuse for the termination. The second purports to terminate Plaintiff's

employment because he allegedly was unable to timely submit a medical clearance for fitness of duty.

16. Orally, Plaintiff was given the excuse that commissary funds were no longer available for payment of his salary and benefits. Furthermore, he was advised that he had to become a detention officer and subsequently did not meet the medical requirements for this position in that he had high blood pressure.

17. In reality, Plaintiff was terminated for the following reasons:

    a. Defendant Sheriff Eric Garza was elected Cameron County Sheriff and wrongly and illegally suspected Plaintiff of disloyalty due to his service as Chaplain under the previous administration;

    b. Plaintiff was a non-denominational chaplain and not a Catholic chaplain;

    c. Defendant Sheriff Eric Garza and Defendant Catholic Diocese of Brownsville wanted an agent of Defendant Catholic Diocese of Brownsville to take over Plaintiff's job;

    d. Plaintiff was 62 years of age;

    e. Plaintiff suffered from high blood pressure even though this medical condition was irrelevant to his job as Chaplain; and

    f. Plaintiff needed to take time off to care for his wife while she was experiencing medical difficulties.

18. Defendants used degrading and belligerent tactics in an attempt to force Plaintiff's resignation. When he did not resign, his employment was terminated as described above even though he was fully qualified for the position. Thereafter,

Defendants other than the Catholic Diocese pretended to seek applicants for the position of chaplain even though all Defendants knew that a particular candidate of their choice would take over.

## RELIGIOUS DISCRIMINATION

19. Defendants engaged in unlawful employment practices involving Plaintiff because he is a non-denominational chaplain and not a Catholic chaplain.

20. Defendants and their agents discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e-(2)(a). The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

21. Plaintiff alleges that Defendants and their agents discriminated against Plaintiff on the basis of religion with malice or with reckless indifference to the protected rights of Plaintiff.

## AGE DISCRIMINATION

22. Defendants and their agents, other than Defendant Catholic Diocese of Brownsville and its agents, intentionally engaged in unlawful employment practices involving Plaintiff because of his age. At all material times Plaintiff was 40 years of age or older.

23. Defendants and their agents, other than Defendant Catholic Diocese of Brownsville and its agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any

employment opportunity or adversely affect his status because of Plaintiff's age in violation of the Age Discrimination in Employment Act.

24. The unlawful employment practices of Defendants and their agents, other than Defendant Catholic Diocese of Brownsville and its agents, had a disparate and adverse impact on older workers, including Plaintiff. Such employment practices were not based on any reasonable factor other than age.

25. Plaintiff alleges that Defendant, Cameron County, by and through Defendant's agents, willfully violated the protected rights of Plaintiff because of his age.

## AMERICANS WITH DISABILITY ACT

26. Defendants and their agents, other than Defendant Catholic Diocese of Brownsville and its agents, intentionally engaged in unlawful employment practices involving Plaintiff because of his disability.

27. Defendants and their agents, other than Defendant Catholic Diocese of Brownsville and its agents, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 12112. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee.

28. At all material times, Plaintiff was able to perform the essential functions of his position with accommodation. Plaintiff has a record of a disability and is regarding as having a disability which substantially limits at least one major life activity. Plaintiff was discriminated against on the basis of his record of a disability and perception of having a disability.

29. Plaintiff alleges that Defendants and their agents, other than Defendant Catholic Diocese of Brownsville and its agents, discriminated against Plaintiff on the basis of disability with malice or with reckless indifference to the protected rights of Plaintiff.

## FAMILY MEDICAL LEAVE ACT

30. Defendants and their agents, other than Defendant Catholic Diocese of Brownsville and its agents, interfered, restrained or denied Plaintiff his rights under the Family Medical Leave Act.

31. Defendants and their agents, other than Defendant Catholic Diocese of Brownsville and its agents, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of the Family Medical Leave Act.

32. Plaintiff alleges that Defendants and their agents, other than Defendant Catholic Diocese of Brownsville and its agents, willfully discriminated and interfered with Plaintiff's rights under the Family Medical Leave Act.

## FIRST AMENDMENT (FREEDOM OF RELIGION)

33. Defendants discriminated against Plaintiff because he is a non-denominational chaplain instead of a Catholic one. Such discrimination was in violation of Plaintiff's first amendment right to freedom of religion.

34. Such discrimination was willful and intentional.

## FIRST AMENDMENT (FREEDOM OF ASSOCIATION)

35. Defendants and their agents, other than Defendant Catholic Diocese of Brownsville and its agents, discriminated against Plaintiff because he had served as

chaplain for the Cameron County Sheriff's Office under the previous administration.

36. Such discrimination was willful and intentional.

## RESPONDEAT SUPERIOR AND RATIFICATION

37. Whenever in this complaint it is alleged that a Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Defendants intentionally or recklessly acted in violation of federal labor law and the First Amendment of the United States Constitution. Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

## LIBEL

39. Defendants with actual malice published one or more false statements of fact referring to Plaintiff which by innuendo and implication defamed Plaintiff. Plaintiff suffered damages for which Plaintiff herein sues.

## RETALIATION

40. Plaintiff alleges that Defendants and their agents, other than Defendant Catholic Diocese of Brownsville and its agents, instituted a campaign of retaliation which included demanding absolute loyalty while questioning Plaintiff's loyalty because of his service under the previous administration, and for his refusal to resign. This

retaliation was and is due to Plaintiff exercising his rights by opposing a discriminatory practice and making a charge. Plaintiff suffered damages for which Plaintiff herein sues.

## SLANDER

41. Defendants made one or more false statements of fact referring to Plaintiff which by innuendo and implication slandered Plaintiff. This was done with actual malice. Plaintiff suffered damages for which Plaintiff herein sues.

## TORTIOUS INTERFERENCE WITH CONTRACT BY CATHOLIC DIOCESE OF BROWNSVILLE

42. Plaintiff alleges that there was a contract or contractual relationship between Plaintiff and Defendants and their agents, other than Defendant Catholic Diocese of Brownsville and its agents, that was subject to interference, namely his employment as chaplain. Plaintiff alleges that Defendant Catholic Diocese of Brownsville willfully and intentionally interfered with this contract and such interference was the proximate cause of Plaintiff's damages for which Plaintiff herein sues.

## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIP BY CATHOLIC DIOCESE OF BROWNSVILLE

43. Plaintiff alleges that Defendant Catholic Diocese of Brownsville tortiously interfered with the ongoing employment relationship between Plaintiff and Defendants and their agents, other than Defendant Catholic Diocese of Brownsville and its agents. Plaintiff alleges that there was a reasonable probability of success in the continuation of this employment relationship. Defendant Catholic Diocese of Brownsville willfully and intentionally interfered with said relationship in order to deprive Plaintiff of such relationship or of the full benefits of such relationship. Such interference was the

proximate cause of Plaintiff's damages for which Plaintiff herein sues.

## DAMAGES

44.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

   a.   All reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff;

   b.   Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

   c.   All reasonable and necessary costs incurred in pursuit of this suit;

   d.   Emotional pain;

   e.   Expert fees as the Court deems appropriate;

   f.   Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

   g.   Inconvenience;

   h.   Interest;

   i.   Loss of enjoyment of life;

   j.   Mental anguish in the past;

   k.   Mental anguish in the future;

   l.   Loss of earnings in the past;

   m.   Loss of earning capacity which will, in all probability, be incurred in the future; and

   n.   Loss of benefits.

## EXEMPLARY DAMAGES

45. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages.

## SPECIFIC RELIEF

46. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendants described hereinabove:

    a.    Rehire Plaintiff; and

    b.    Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendants.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Adam M. Gomez, Jr., respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By:   /s/ Phil Bellamy
     Phil Bellamy
     Attorney-in-Charge
     Texas Bar No. 00787065
     Southern District Bar No: 17505
     E-Mail: phil@bellamylawoffice.com
     815 Ridgewood
     Brownsville, Texas 78520
     Tel. (956) 546-9345
     Fax. (956) 544-7201
     Attorney for Plaintiff
     Adam M. Gomez, Jr.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**