Case 1:22-cv-00030   Document 82   Filed on 10/30/24 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
October 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADAM M. GOMEZ, JR., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-030 |
| | § | |
| ERIC GARZA, *et al.*, | § | |
|     Defendants. | § | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

### I. Synopsis

Gomez was the chaplain for the Cameron County jails for six years before a new sheriff came to town. The new sheriff required him to undertake a medication examination to qualify as a jailor to continue his employment in the chaplain position, as under the new sheriff's watch the old funding for the chaplain position was now gone. Cameron County argues Gomez is required by law to undergo a medical examination to qualify as a jailor. Gomez's provides no summary judgment evidence for the Court's consideration. The Court finds no evidence raising a genuine issue of material fact as to Gomez's alleged violation of the ADA. Cameron County's motion for summary judgment is granted, resolving all of Gomez's claims before the Court.

### II. Jurisdiction & Consent

This Court has jurisdiction under 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because these claims arise from the same case or controversy. The parties have consented to proceed before a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Dkt. Nos. 15, 17.

### III.    Background

####    a.  Factual History

On September 15, 2015, Plaintiff Adam M. Gomez ("Gomez") was hired as the chaplain for the Cameron County Sheriff's Office, serving the county's four detention facilities. Dkt No. 21, pp. 3-4. Gomez was a non-denominational chaplain in a paid position, working 40 hours per week. *Id.* Gomez was hired by then-Cameron County Sheriff Omar Lucio. *Id.*

In November 2020, Eric Garza was elected as the new Cameron County Sheriff. Dkt. No. 21, p. 4. In December 2020, all sheriff's department employees were asked to write out their job descriptions for the new administration to review; Gomez complied. *Id.* In April 2021, Gomez was asked to provide a second, more detailed job description *Id.*, p.5. When Gomez asked his supervisors why he was being asked to do so, they told him that the new Chief Deputy of the sheriff's office, Robert Gracia, has requested the more detailed job description. *Id.* To the best of Gomez's knowledge, he was the only employee asked to provide the second job description. *Id.*, pp. 4-5. Gomez understood this request to be one to create a job description that would be used to "inform Plaintiff's replacement." *Id.*

In May 2021, Chief Deputy Gracia "requested all information regarding [Gomez's] credentials." Dkt. No. 21, p. 5. He also requested that Gomez "reconstruct a three-month log of his visitors (volunteers, clergy, individuals seeking to participate in Plaintiff's chaplain program, etc.)." *Id.* (paratheses original). Gomez alleges that the three-month time frame was during a time when Gomez "had limited visitors due to the pandemic." *Id.*

At some point, Gomez was informed that he had to qualify as a detention officer to continue serving as the chaplain. Dkt. No. 21, p. 6. He claims that this requirement was pretextual because it was known that Gomez's high blood pressure would make him ineligible to qualify as a detention officer. *Id.* Gomez states that his successor was not required to be qualified as a detention officer. *Id.*

On June 15, 2021, Cameron County Sheriff's Office administrator Ricardo M. Cornejo wrote Gomez a letter, advising Gomez that "his services would no longer be required, effective July 23, 2021." Dkt. No. 21, p. 5.

On August 3, 2021, Ofelia de los Santos, the jail director for the Diocese of Brownsville, sent an email to nineteen people associated with the jail ministry in Cameron County. Dkt. No. 21, p. 12; Dkt. No. 24-1. De los Santos stated the following in the email:

> I know that Chaplain Gomez has been replaced by Chaplain Jaime Rivera, who himself was formerly employed at the Willacy State Jail. Chaplain Rivera has been an excellent chaplain in Willacy County. He is highly professional, always shows up for our meetings, always listens to our concerns and responds to emails promptly. We look forward to working with him at the Cameron County Detention Centers. We have re-qualified our volunteers and they are ready to continue ministering to our 'brothers and sisters behind bars.' Dkt. No. 24-1.

In addition to the June 15, 2021, termination letter, on August 13, 2021, Cameron County Sheriff's Office Major Samuel Sanchez wrote Gomez a letter, informing him that his employment was terminated, effective August 12, 2021, because of Gomez's "inability to submit a medical clearance for the fitness of duty in the time allotted." Dkt. No. 21, p. 5.

### b. Procedural History

On August 11, 2021, Gomez submitted an initial inquiry with the Equal Employment Opportunity Commission ("EEOC"). Dkt. No. 59, pp. 22-25.

On November 29, 2021, Gomez was interviewed by the EEOC and provided a statement that reads as follows:

> "On September 15, 2015, I began a part-time employment with Cameron County as the Assistant Pastor for their Jail Division. In October 2016, I became the full-time Chaplain; and went under the supervision of the chief Jail Administrator, Joe Elizard.
>
> I. PERSONAL HARM: In January 2021, the new county administration came on board. In July 2021, I was informed that there was a new company taking over the Jail Divisions Commissary and since they were not authorizing payment of salaries out of the commissarys fund. As a result, I was being terminated since my salary was being paid for out of the commissarys fund.

> On July 23, 2021, I received an official letter informing me of my discharge. However, after being informed of the decision to terminate me and the actual termination, I requested my position be placed under one of the vacant jailer positions for payment purposes only, to no avail.
>
> II. RESPONDENTS REASON FOR ADVERSE ACTION: Funding.
>
> III. DISCRIMINATION STATEMENT: I believe that I was discriminated against because of my age (62) in violation of the Age Discrimination in Employment Act of 1967. Further, I believe that I was discriminated against because of my religion (nondenominational), in violation of Title VII of the Civil Rights Act of 1964, as amended." Dkt. No. 59, p. 10.

On December 28, 2021, Gomez received EEOC Form 161, "Dismissal and Notice of Rights," informing him of the EEOC's determination that no further investigation would be conducted. Dkt. No. 59, pp. 11-12.

On March 17, 2022, Gomez filed a complaint in the United States District Court for the Southern District of Texas, Brownsville Division, against Garza, Gracia, Cameron County and the Catholic Diocese of Brownsville. Dkt. No. 1. As to Garza, Gracia and Cameron County, Gomez alleged that they engaged in religious discrimination, age discrimination, violated his rights under the Americans with Disabilities Act, and the Family Medical Leave Act, as well as his First Amendment right to freedom of association. *Id.* As to all Defendants, Gomez alleged that they violated his First Amendment rights to freedom of religion, engaged in intentional infliction of emotional distress, as well as libeled and slandered him. As to the Catholic Diocese, Gomez alleges that it engaged in tortious interference with contract and tortious interference with business relationship. *Id.*

On May 6, 2022, the Catholic Diocese filed a motion to dismiss. Dkt. No. 4. On May 23, 2022, Cameron County, Garza, and Gracia filed a motion to dismiss. Dkt. No. 12.

On June 6, 2022, the parties filed a joint discovery and case management plan, indicating that they agreed to have the case heard by a magistrate judge. Dkt. No. 15. On that same day, the case was transferred to Magistrate Judge Ronald Morgan to conduct all further proceedings, including final judgment. Dkt. No. 17.

On June 7, 2022, Gomez filed a response to the Diocese's motion to dismiss. Dkt. No. 19. Within that response, Gomez made a number of factual allegations which do not appear on the face of the complaint. *Id.*, pp. 4-7. On June 8, 2022, the Court noted that it could not consider facts not pled in the complaint and gave Gomez until June 15, 2022, to file an amended complaint which included those allegations. Dkt. No. 20.

On June 11, 2022, Gomez filed a first amended complaint, which remains the operative complaint in this case. Dkt. No. 21. In that complaint, he re-urged the same legal claims as his first complaint but pled additional facts in support of his claims. *Id.*

On June 13, 2022, the Court considered the amended complaint. The Court ordered that the then-pending motions to dismiss (filed against Plaintiff's original complaint) be denied as moot, without prejudice to refiling as to the amended complaint. Dkt. No. 23.

On June 24, 2022, the Catholic Diocese filed a renewed motion to dismiss. Dkt. No. 24. The Diocese argued that Gomez failed to state a claim for relief against it. *Id.*

On June 27, 2022, Cameron County, Garza, and Gracia also filed a renewed motion to dismiss. Dkt. No. 26. Gomez filed responses to both motions to dismiss. Dkt. Nos. 27, 33.

On August 17, 2022, the Court issued a Memorandum Opinion and Order. Dkt. No. 34. Except as to the claim that Cameron County required Gomez to undergo an unnecessary medical examination in violation of the Americans with Disabilities Act, the Court granted the motion to dismiss filed by Garza, Gracia, and Cameron County. *Id.* The motion to dismiss filed by the Catholic Diocese of Brownsville was granted in full. *Id.* All claims made against the Diocese were dismissed with prejudice to refiling for failure to state a claim upon which relief can be granted.

On September 9, 2022, Cameron County filed its answer to the first amended complaint. Dkt. No. 38.

On June 2, 2023, upon the retirement of United States Magistrate Judge Morgan, the case was reassigned to United States Magistrate Judge Karen Betancourt.

On November 25, 2023, Gomez filed a Motion for Leave to File a Second Amended Complaint. Dkt. No. 54.

On November 29, 2023, the Court set the matter for in-person hearing and stayed all pending discovery and case management deadlines until the resolution of the then-pending motion for leave to amend. Dkt. No. 55.

On December 22, 2023, Cameron County timely filed their brief in opposition to Gomez's Motion for Leave to File a Second Amended Complaint. Dkt. No. 58.

On January 9, 2024, Gomez filed a reply brief in opposition to Defendant's responsive briefing and in support of his pending motion. Dkt. No. 61.

On January 10, 2024, the Court held an in-person hearing on Gomez's Motion for Leave to File a Second Amended Complaint. Soon thereafter, Gomez also submitted an exhibit, his right to sue letter, to be appended to the reply brief. Dkt. No. 64.

On April 3, 2024, the Court issued its Order Denying Leave to File Second Amended Complaint. Dkt. No. 67. In this same order, the Court lifted the stay on previous deadlines and required the parties to submit an updated proposed scheduling order. *Id.*

On April 22, 2024, Gomez filed a Notice of Appeal to the Fifth Circuit Court of Appeals, seeking relief from the Court's denial of leave to further amend his complaint. Dkt. No. 71. Ultimately, this appeal was dismissed for want of jurisdiction. Dkt. No. 77.

On July 9, 2024, the Court entered a Sixth Amended Scheduling Order. Dkt. No. 78.

On September 9, 2024, Cameron County filed a Motion for Summary Judgment on the sole remaining issue that Cameron County required Gomez to undergo an unnecessary medical examination in violation of the Americans with Disabilities Act. Dkt. No. 79. Gomez timely filed his response brief in opposition. Dkt. No. 80. No further briefing was received.

## IV. Applicable Law

### a. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Thus, a court must look to the substantive law to "identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477

U.S. 242, 248 (1986). Material facts concern those which are necessary to prove an element of the claim. *Id.* Further, "[a]ny proof or evidentiary requirements imposed by the substantive law are not germane to this inquiry." *Id.* "[T]he evidentiary standard is unrelated to the burden of proof on the substantive issues." *Bourjay v. United States,* 483 U.S. 171, 175, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). A genuine dispute of material facts exists, for summary judgment purposes, if a reasonable jury reviewing the evidence could return a verdict for the nonmoving party. However, a party is entitled to judgment as a matter of law when "the evidence . . . is so one-sided that one party must prevail as a matter of law." *Anderson* at 248.

When examining the evidence presented "[t]he Court views the evidence in a light most favorable to the non-movant." *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (2004). The non-movant may also "go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Id.* While reviewing the evidence, a court must "refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398-399 (2008).*

If "the nonmoving party will bear the burden of proof at trial on a dispositive issue," then "a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). The Court notes that "[u]nsworn pleadings are not, however, competent summary judgment evidence" *Dorsett v. Bd. of Tr. for St. Colleges Univ.*, 940 F.2d 121, 124 (5th Cir. 1991); see also *Chester v. Samuels*, 740 Fed. App'x 410, 411 (5th Cir. 2018) (because the complaint "is unverified, it does not constitute competent summary judgment evidence"). If a complaint has been filed under penalty of perjury, it is considered to be verified and is competent summary judgment evidence. *Schreane v. Beemon*, 575 Fed. App'x 486, 490 n. 1 (5th Cir. 2014).

"If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the

evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *Id.* "If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." *Keelan v. Majesco Software, Inc.*, 407 f.3d 332, 339-40 (5th Cir. 2005) (internal quotation and citation omitted.)

### b. Americans with Disabilities Act ("ADA")

"The ADA is a federal antidiscrimination statute designed to remove barriers which prevent qualified individuals with disabilities from enjoying the same employment opportunities that are available to persons without disabilities." *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 161 (5th Cir. 1996). The ADA prohibits an employer from applying a standard that screens out or tends to screen out disabled persons. *See* 42 U.S.C. § 12112(b)(6). It also gives an employer an affirmative business-necessity defense to claims challenging the application of an otherwise prohibited standard. *See* 42 U.S.C. § 12113(a). To benefit from the affirmative defense, an employer must prove that the pertinent qualification standard is job-related and consistent with business necessity. *Id.* For a qualification to be job-related, as required to show a business necessity defense under the ADA, the employer must demonstrate that the qualification standard is necessary and related to the specific skills and physical requirements of the sought-after position. 42 U.S.C.A. § 12112(b)(6). For a qualification standard to be consistent with business necessity, as required to show a business necessity defense under the ADA, the employer must show that it substantially promotes the business's needs. *Id.*

### V. Analysis

The issue before the Court is whether there is a genuine issue of material fact to support as to whether Cameron County violated Gomez's rights under the ADA when it required a medical examination of Gomez for a jailer position despite his chaplain position was changing its funding source. Cameron County filed a motion for summary judgment

on this sole claim pending before the Court. Gomez responds in opposition to the motion but presents with no summary judgment evidence. Gomez's response does not put into controversy a genuine issue of material fact regarding his claim that Cameron County required him to undergo an unnecessary medical examination in violation of the Americans with Disabilities Act. Instead, Gomez's response to Cameron County's motion for summary judgment agrees with the County's position that there is no claim for Gomez under the ADA. Gomez's main contention is that this Court wrongfully denied him a chance to amend his complaint to include allegations of this disability discrimination under the ADA.

As the Court notes, Gomez did not file any evidence in opposition to the motion for summary judgment. Rather, Gomez relies on the evidence already contained within the record and his unsworn amended complaint. The Court considers the evidence presented by Cameron County as well as any other evidence in the record in deciding this motion. *See Atkin v. Salazar,* 455 Fed. App'x 385, 396 (5th Cir. 2011) (explaining that the court may consider the entire record and not just the portions highlighted by the parties when deciding a motion for summary judgment).

This Court previously determined that Gomez stated a plausible claim to relief under the ADA, because, without review of the administrative charge before the EEOC, there was evidence which tended to show that the examination was not consistent with business necessity. Dkt. No. 34, p. 10. Under the ADA, an employer cannot "require a medical examination" of an employee unless the examination "is shown to be job-related and consistent with business necessity." 42. U.S.C. § 12112(4)(A).

Subsequently, Gomez requested leave to file a second amended complaint to include disability claims. Dkt. No. 54. The Court denied Plaintiff's request after receipt of his EEOC complaint. There, the Court determined that: (1) the complaint lacked a sufficient factual basis for investigation of disability discrimination claims, (2) EEOC investigation was necessary to exhaust his remedies before bringing a disability claim to federal court, and (3) any amendment to relate back a disability claim to the original filing was futile in

light of the two-year statute of limitations to begin claim processing on that issue. Therefore, the operative complaint is Plaintiff's First Amended Complaint, Dkt. No. 21.

Now, Cameron County brings their motion for summary judgment, arguing that Gomez is unable to "overcome the Defendant's showing that Plaintiff's medical exam was job-related and consistent with business necessity as allowed by the Americans with Disabilities Act." Dkt. No. 79, p. 1. Cameron County frames the issue as follows:

> "Whether Defendant's requirement that Plaintiff undergo a medical examination was in violation of the Americans with Disabilities Act, given that Plaintiff requested to be moved to a jailer slot, and jailers are statutorily required to pass a physical examination prior to licensure." Dkt. No. 79, p. 4.

In his response, Plaintiff concedes the issue is "well-stated" but argues the Court lacks subject matter jurisdiction on this issue, because "there is not now nor has there ever been a claim under the Americans with Disabilities Act." Dkt. No. 80, p. 2. Plaintiff further argues that "[t]he current record provides no refuge for the orphan issue." *Id.*

In bringing a discriminatory-termination action under the ADA, an employee may present either: (1) direct evidence that he was discriminated against because of his disability or (2) proceed under the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), *See Neely v. PSEG Tex., Ltd. P'ship,* 735 F.3d 242, 245 (5th Cir. 2013). "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002). Under a *McDonnell Douglas* analysis, the plaintiff must establish a prima facie case of discrimination. *See E.E.O.C. v. Chevron Phillips Chem. Co.,* 570 F.3d 606, 615 (5th Cir.2009). If a *prima facie* case is made, then the defendant must articulate a non-discriminatory reason for termination. *See id.* If a non-discriminatory reason is sufficiently enumerated, the plaintiff must bring forward substantial evidence indicating that the non-discriminatory reasoning in pretextual. *See id.* The "rare" instances in which a showing of pretext is insufficient to establish discrimination are (1) when the record conclusively reveals some other, nondiscriminatory reason for the employer's decision, or (2) when the

plaintiff creates only a weak issue of fact as to whether the employer's reason was untrue, and there was abundant and uncontroverted evidence that no discrimination occurred. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (internal quotations and citations omitted.

The evidence before the Court on this summary judgment record shows that there are no genuine issues of material fact regarding whether Cameron County violated the ADA when it required Gomez take a medical examination for employment as a jailer with chaplain assignments. The records evidence Gomez was told "his services would no longer be required, effective July 23, 2021." Dkt. No. 21, p. 5. Gomez inquired into the reasoning for this termination a "was advised that the funding to pay for Plaintiff's position (commissary funds) was no longer available." Dkt. No. 21, p. 6. Gomez then sought to have his employment with Cameron County continue and requested to "be placed under one of the vacant jailer positions for payment purposes only, to no avail." Dkt. No. 79-6, p. 18. In response, Cameron County investigated Gomez's eligibility to be appointed as a jailer and found that Gomez completed the basic licensing course for jailers but never completed the licensure process. Dkt. No. 79-2, p. 12, 14. Ultimately, Gomez received a letter of termination identifying "inability to submit a medical clearance for fitness of duty in the time allotted … " as the reasoning for the termination. Dkt. No. 21, p. 5; Dkt. No 79-1, p. 5. At the summary judgment stage, Gomez does not argue direct evidence supports his claim for relief under the ADA. Therefore, the Court will undertake the analysis under the *McDonald Douglas* standards.

All parties admit the evidence shows that Gomez was required to take a medical examination for continued employment with Cameron County. There is no dispute that Gomez requested to be paid under the jailer scheme but continue in his clergy role. In his amended complaint, Gomez showed that a medical examination was previously unnecessary to his job and to the job of those similarly situated. For these reasons, the Court, at the motion to dismiss stage, found Gomez established a *prima facie* case of discrimination. Consequently, under the *McDonald Douglas* analysis, the burden shifts to Cameron County to identify a non-discriminatory reason for termination. Cameron County

points to Gomez's failure to pass a medical examination not as a violation of the ADA, but rather, as a requirement imposed by Title 37 of the Texas Administrative Code § 217.1 which sets the standard and testing requirements for licensure as a jailer. In his amended complaint, Gomez contends that "duties and qualification of a detention officer and a chaplain are at opposites" and describes the requirement contained within the termination letter as "bogus." Dkt. No. 21, p.6. However, Gomez's response to the motion for summary judgment provides no evidence to rebut the nondiscriminatory reason identified by Cameron County. Instead, Gomez argues that "there is no ADA claim – or state pendent disability claim." Gomez fails to provide any evidence indicating that the non-discriminatory reasoning was pretextual. The Court finds that Gomez has not provided substantial evidence to establish the business necessity defense raised by Cameron County is pretextual.[1] The Court also finds the record as a whole conclusively identifies the requirements of Title 37 of the Texas Administrative Code § 217.1(b)(11) as a non-discriminatory reason for Gomez's termination.

After consideration of the evidence, the Court finds there is no genuine dispute of material fact as to essential elements of a claim for violations of the ADA. The Court further finds that Gomez has not presented sufficient summary judgment evidence to establish a genuine dispute of material fact. In fact, Gomez offers no evidence at all, and instead concedes Cameron County's point that an ADA claim for an unnecessary medical exam should not be before the Court. Nor has Gomez rebutted Cameron County's claim that Gomez was terminated due to legitimate business necessity and that he was required to take a medical exam to be a jailor after his own request to continue in the chaplain position.. Therefore, Cameron County is entitled to judgment as a matter of law in their favor.

---

[1] "[A]n issue raised in the complaint but ignored at summary judgment may be deemed waived. *Mid-contient Cas. Co. v. Bay Rock Operating Co.,* 614 F.3d 105, 113 (5th Cir. 2010) (quoting *Grenier v. Cyanamid Plastics, Inc.*, 70 F.3d 667, 678 (1st Cir. 1995)). "If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." *Vaughner v. Pulito*, 804 F.2d 873, 877 n.2 (5th Cir. 1986); *see also Frank C. Bailey Enterprises, Inc. v. Cargill, Inc.,* 582 F.2d 333, 334 (5th Cir.1978).

## VI. Order

The motion for summary judgment filed by Cameron County, Dkt. No. 79, is granted. As per the previous Memorandum Opinion and Order of this Court, the only remaining defendant in this matter is Cameron County. Dkt. No. 34. Additionally, the only remaining claim in the first amended complaint, Dkt. No. 21, is that Cameron County required Gomez to undergo an unnecessary medical examination in violation of the Americans with Disabilities Act. Dkt. No. 34. Therefore, Gomez's sole remaining claim against Cameron County is dismissed with prejudice. This Order is final and appealable. Each party shall bear its own costs. The Clerk of Court is directed to close this matter.

Signed on October 30, 2024.

*Karen Betancourt*
Karen Betancourt
United States Magistrate Judge